UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 19 CR 19 |
| v. | ) | |
| | ) | |
| BRIAN MCKENZIE | ) | Judge John Robert Blakey |

**Government's Response to Defendant's Sentencing Memorandum**

For the reasons set forth more fully below, the Court should overrule both of defendant's objections to the presentence investigation report and sentence defendant to a 300-month term of imprisonment.

## I.  Factual background

On October 18, 2018, Victim A was in front of a restaurant in Orland Park, Illinois, helping his elderly mother out of the car. PSR ¶ 8. Defendant pointed a gun at Victim A and demanded the car and Victim A's mother's purse, which Victim A was holding. *Id.*

Shortly after the carjacking, law enforcement began to pursue the car. *Id.* ¶ 9. Defendant fled at a high rate of speed, eventually crashing the car. *Id.* Defendant immediately fled on foot and began trying to open the doors of nearby cars stopped in traffic. *Id.* ¶ 12. Defendant eventually reached a white Mazda 3. *Id.* He pointed a gun at the front passenger through an open

window, unlocked the car, and demanded that all three occupants get out of the car, which they did. *Id.* ¶ 13.

Officer A, of the Oak Lawn Police Department, reached the car a short time later. *Id.* ¶ 14. Officer A entered the car through the still-open front passenger door and struggled with defendant in an attempt to detain him. *Id.* That attempt was unsuccessful, and Officer A backed out of the car, fearing, correctly, that defendant was still armed. *Id.* As the government will elicit from Officer A at the sentencing hearing, defendant then turned the steering wheel to the left, put the car in reverse, and hit the accelerator. Officer A fired two shots as the car came towards him. The open car door struck Officer A, knocking him down. The front passenger-side wheel of the Mazda ran over Officer A's right leg, and the Mazda then struck the car behind it. Defendant then pulled the car forward, made a u-turn, and fled at a high rate of speed.

Officer A sustained multiple injuries as a result of defendant's actions. He was on crutches for several weeks after the incident. He engaged in months of physical therapy for both his knee and shoulder. And in June 2019, he underwent shoulder surgery to repair a torn labrum.

II.     **Response to defendant's objections**

Defendant makes two objections to the PSR, both regarding the calculations for Count 3. Both should be overruled. First, defendant argues

2

that the 4-level enhancement for serious bodily injury should not apply. Memo. at 5. But the injuries to Officer A qualify as "serious bodily injury." The Guidelines define "serious bodily injury" as "injury involving extreme physical pain or the protracted impairment of a bodily member . . .or requiring medical intervention such as surgery . . . or physical rehabilitation." USSG § 1B1.1, n. 1(M). As Officer A's testimony will demonstrate, being hit by the car defendant carjacked resulted in protracted impairment of Officer A's knee and shoulder, required surgery for Officer A's shoulder, and required physical therapy for Officer A's knee and shoulder. Accordingly, defendant's first objection should be overruled.

Defendant next argues that he did not have the requisite intent to assault Officer A and, therefore, the enhancement set forth at Guideline § 3A1.2(c) should not apply. Memo. at 5. In *United States v Robinson*, 537 F.3d 798, 802 (7th Cir. 2008), the Seventh Circuit held that the enhancement requires proof of (a) an assault of an officer during the offense or while fleeing (b) that created a substantial risk of serious bodily injury, where (c) the defendant knew or had reasonable cause to believe that the victim was a law enforcement officer. *Id.* Here, as in *Robinson*, defendant's actions clearly satisfy the second and third elements of the enhancement. Defendant contests, however, whether he had the requisite intent to commit an assault.

3

In *Robinson*, the Seventh Circuit observed a lack of clarity about the intent requirement for assault and noted that, under the most demanding standard, a defendant "must intend to 'cause apprehension' or actual 'bodily harm.'" *Id.* at 802–03. The court further stated that, "We doubt such a stringent requirement applies to § 3A1.2(c)." *Id.* at 803.

In *United States v. Gonzales*, 931 F.3d 1219 (10th Cir. 2019), the Tenth Circuit also evaluated § 3A.12(c)'s intent requirement. Describing *Robinson*'s statement as dicta, the court concluded that the government must establish a defendant's specific intent (a) to cause a battery or (b) to inflict the apprehension of injury. *Id.* at 1221–24.

The Court need not resolve any tension between *Robinson* and *Gonzales* because defendant's objection should be overruled under either standard. As Officer A's testimony will establish, defendant's actions demonstrate that he had specific intent to cause a battery and to instill fear of a battery in Officer A. Defendant turned the Mazda's steering wheel to the left and reversed, despite having space to escape by pulling forward. Both cutting the wheel to the left and reversing were inconsistent with an attempt to escape, but consistent with an effort to strike Officer A with the car. Accordingly, defendant's objection should be overruled.

4

### III. Sentencing recommendation

The government requests that the Court sentence defendant to a term of imprisonment of 300 months. Defendant's actions were incredibly dangerous. On its own, an armed carjacking puts victims' lives at risk. But here, after the first carjacking, defendant fled at a high rate of speed, placing multiple members of the public at risk. As noted in the PSR, defendant drove over a construction worker, pinning him until the car could be lifted off with a tractor. PSR ¶ 10.

Instead of surrendering after the crash, defendant committed another armed carjacking in an effort to escape. When confronted by Officer A, defendant ran over Officer A, causing Officer A to shoot in an effort to protect himself. Defendant then fled again at a high rate of speed.

Defendant's actions put many people at risk. His high speed chase, in either car, could have resulted in death or serious injury. His assault of Officer A did, in fact, cause serious injury, but could have easily been worse. A significant sentence is necessary to provide just punishment for those actions.

Defendant's prior history also counsels in favor of a lengthy sentence both to reflect the seriousness of the offense and to provide deterrence. At the age of 16, defendant committed an armed robbery. PSR ¶ 61. At 17, he possessed a stolen car. *Id.* ¶ 63. He was sentenced to probation, but less than

5

three months after that sentence was imposed, at age 18, he possessed another stolen car. *Id.* ¶¶ 63–64. He received a 3-year sentence for that crime, and was paroled on February 3, 2016. *Id.* ¶ 64. Seven months later, he illegally possessed a firearm and was sentenced to 3 years' imprisonment. *Id.* ¶ 65. He was still on parole for that offense when he committed the offenses in this case. *Id.*

In addition, defendant's criminal history, including in the present case, show multiple disciplinary issues while in custody. *Id.* ¶¶ 6, 63–65. Defendant's unbroken string of convictions and disciplinary issues while in custody militate in favor of a significant sentence, in order to adequately deter him and to protect the public.

## IV. Conclusion

Defendant's brazen carjacking of two cars put many members of the public at risk. And as Officer A's testimony will demonstrate, defendant's intentional actions resulted in serious injury to the officer. Accordingly, a sentence of 300 months is sufficient, but not greater than necessary, to fulfil the factors set forth in § 3553(a).

                    Respectfully submitted,

                    JOHN R. LAUSCH, JR.
                    United States Attorney

By:  s/ *Scott M. Edenfield*
      Scott M. Edenfield
      Assistant United States Attorney
      219 South Dearborn Street
      Chicago, Illinois 60604